Dear Representative Strong:
You have recently requested an opinion from this office as to whether the Hancock Amendment would "affect" a proposed increase in the salaries payable to juvenile officers and deputy juvenile officers by amendment of Section 211.381, RSMo 1978.
In part Section 211.381 presently provides as follows:
 1. In each judicial circuit the following employees of the juvenile court shall receive as compensation annual salaries in the following amounts:
 (1) One juvenile officer, seventeen thousand five hundred dollars; (2) One chief deputy juvenile officer and the chief officer assigned to courts of domestic relations, fifteen thousand five hundred dollars; (3) Deputy juvenile officer, class 1, thirteen thousand five hundred dollars; (4) Deputy juvenile officer, class 2, twelve thousand dollars; (5) Deputy juvenile officer, class 3, ten thousand five hundred dollars; (6) Deputy juvenile officer, class 4, nine thousand dollars.
The material changes to that provision as set forth in your proposal consist of salary increases amounting to fifty percent for the position of juvenile officer and five subordinate position classifications.
Section 211.393 RSMo Supp. 1980, presently provides that, except for the salaries of full-time juvenile officers — whose salaries are paid by the State of Missouri — the salaries and expenses of juvenile court personnel are to be paid out of funds of the local political subdivisions. That provision would not be materially changed by your proposal.
Fundamentally, there is nothing in the Hancock Amendment to legally prohibit legislation of the type you propose. The questions raised by your request are largely practical ones concerning the proposal's financial implications.
To the extent that the State is required to pay the salary of a full-time juvenile officer under Section 211.393, sections 18 and 20 of the Hancock Amendment (enacted as sections 16 through24 of Article X of the Missouri Constitution) need to be examined. It is sufficient to note that section 18 establishes a ceiling on the amount of revenue which may be collected by the State in any future fiscal year. Correspondingly, section 20 provides as follows:
 No expenses of state government shall be incurred in any fiscal year which exceed the sum of the revenue limit established in sections 18 and 19 of this Article, plus federal funds and any surplus from a previous fiscal year.
The inevitable consequence of these coexistent limitations is that, once the revenue limit of section 18 is reached, the flexibility available to the legislature in its appropriation process will be diminished. That flexibility will decrease in direct proportion to the extent to which previously "unassigned" revenues become earmarked or additional expenditures are mandated by such legislation as you propose.
The second issue inherent in your request is whether the State would be financially responsible for the additional expense imposed upon those required to pay the salaries of juvenile court personnel other than juvenile officers. In that regard section 21 of the Hancock Amendment provides in pertinent part:
 A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the general assembly . . . unless a state appropriation is made and disbursed to pay . . . for any increased costs.
The dispositive issue, then, is whether a mandatory salary increase to be paid by the counties or the city of St. Louis constitutes a required "increase in the level of any activity or service beyond that required by existing law" so as to necessitate a state appropriation to finance its implementation.
We know of no Missouri judicial decisions defining "level of activity" or "level of service" as those terms are employed in section 21 of the Hancock Amendment. We are required, however, to construe constitutional provisions according to their plain language, giving the words thereof their ordinary and usual meaning.
Section 21 does not, by its express terms, require the State to reimburse the local political subdivisions in the case of every increased financial burden which they are likely to encounter in future years. Costs for virtually every activity or service currently provided by these subdivisions are likely to increase — some as a result of local ordinances, and some necessarily by statute. We believe therefore, that the provision in question and the requirement of a state appropriation to finance local expenditures is restricted to those cases in which the substance of the existing activity or service is required to be expanded, thereby resulting in increased costs to political subdivisions.
CONCLUSION
It is the opinion of this office that amendment of section211.381 RSMo increasing salaries of juvenile court personnel who are paid out of local funds would not require payment of such increases by the state.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Christopher M. Lambrecht.
Yours very truly,
 JOHN ASHCROFT Attorney General